

Emily Bohatch <emily.bohatch@chandralaw.com>

# Miller v. Moreno — important correspondence

**Subodh Chandra** <subodh.chandra@chandralaw.com>    Mon, Aug 3, 2026 at 6:40 PM
To: Aaron Minc <Aminc@minclaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin <aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>

Dear Mr. Minc:

Please respond to the attached letter by the close of business on August 5.

Sincerely,

Mr. Subodh Chandra (he/him)



Berkeley | San Diego | Cleveland | Santa Fe | Reno
888.500.5025, ext. 101 office
Subodh.Chandra@ChandraLaw.com
www.ChandraLaw.com
Biography: https://www.chandralaw.com/about/meet-the-team/subodh-chandra
Bluesky: @subodhchandra.bsky.social/ and @chandralaw.bsky.social • Twitter:
@ChandraLawFirm • @SubodhChandra • Facebook: The Chandra Law Firm LLC
*Your case is our cause.*®
—





This email may contain privileged or confidential information. If it wasn't for you, then please delete it and let us know.

 **2026-08-03 S. Chandra to A. Minc re CSAM release for Miller.pdf**
153K

**EXHIBIT 2**



THE CHANDRA LAW BUILDING
1265 W. 6TH STREET, SUITE 400
CLEVELAND, OHIO 44113-1326
OFFICE 216.578.1700
FAX 216.578.1800

August 3, 2026

*Via email to Aminc@minclaw.com*

Aaron Minc, Esq.
Minc Law
200 Park Ave. Suite 200
Cleveland, OH 44122

Re:     *Miller v. Moreno*, Cuyahoga County Case No. CV-26-138810

Dear Mr. Minc:

Yesterday, you enabled your client, Congressman Max Miller, to share and disseminate to the public an electronic Dropbox folder of materials. This was in conjunction with a video rant about our client, Emily Moreno, that Miller posted on *X*.

The first time Miller shared the folder, it contained private images of Miller and Ms. Moreno's daughter and left her name unredacted. At least one of those images could be considered Child Sexual Abuse Material (CSAM) because the daughter's genitals appear to be visible. The photo was in a document entitled EX-306_OFW-Messages-Feb-1-to-25-2026-with-Attachments and labeled IMG_9158 in the bottom-right corner. The post with the link to the folder—published under your name—garnered over **204,000 views** from the time it was posted until this afternoon.

We write to demand an explanation about how this occurred.

(1)  Whose idea was it to share this intimate image of the child?
(2)  Why did your firm share it?
(3)  Did you or your firm vet the images before sharing them? Did anyone? Who?
(4)  Who removed the images from the second folder and why? Was it because someone realized that it was ill-advised (and in the case of the potential CSAM image, illegal) to share these images with the world?
(5)  How many people accessed and downloaded the intimate image, and each of the other images of the child, including one in which her chest is exposed?
(6)  Who accessed and downloaded the image?
(7)  What are you going to do about this?

We view this matter with the utmost seriousness and hope you and your client do as well.  Please respond by the close of business on **August 5, 2026**. Honest responses should not take long.

Sincerely,

Subodh Chandra

Cc:  Alejandro Brito, Esq.
Larry Zuckerman, Esq.
Andrew Zashin, Esq.

Case: 1:26-cv-01899-GAB  Doc #: 1-3 Filed: 08/12/26  4 of 20.  PageID #: 28

## Miller v. Moreno — important correspondence

**Aaron Minc** <Aminc@minclaw.com>                                                    Mon, Aug 3, 2026 at 7:32 PM
To: Subodh Chandra <subodh.chandra@chandralaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin <aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>

To be as straight forward as possible about this.

An initial link to the dropbox folder went live and a few members of the public somehow gained edit access to the Dropbox folder and were able to delete all of the files in the folder (see below). It was not long after things had gone live. It was alarming. I was under an enormous amount of pressure to get the files and link live again as quickly as possible.

I reverted and restored the folder. It was to the most recent prior version of a recovery point of what had been saved. It was a version where some files were in a pre-redaction state or there were files not released originally that reappeared. I quickly went through and re-did every redaction and file deletion that I saw. I unfortunately missed deleting the last three pages from that one file as I had originally or missed deleting that file. I had no idea. It was not intentional. I found out this morning around 9:40AM and deleted it immediately.

It all happened very quickly and was very confusing because I kept deleting things and immediately some anonymous user at the same time instantly kept restoring some things as I was deleting them, and simultaneously trying to change and block the access (See below).

On Saturday, when I gathered the files to be published, I did multiple passes and searches to redact and delete anything with ▨ s name throughout or where any other private information was. I bleeped audio mentions of ▨ s name. I converted a video file into au o so her image would not potentially appear. I redacted addresses and dates of birth. I delete me a data or converted files into pdf to delete the meta data where relevant.

I am truly sorry and deeply regret the error. It was completely my fault and unintentional. Max Miller did not know. Know one on his team knew. I did not know. I was the only person who was responsible for reviewing, adding, deciding, or making any changes to the information that was in this folder.

Jobie Shally deleted the folder 05_Additional_Evidence
in Miller Media Folder
Yesterday 10:52 AM

Jobie Shally deleted EX-406_Notice-of-Manual-Filin...07-08.pdf and 10 more files
in Miller Media Folder
Yesterday 10:52 AM

Jobie Shally deleted the folder 04_The_Court_Record
in Miller Media Folder
Yesterday 10:52 AM

Jobie Shally deleted EX-201_AUDIO-Moreno-Never...8-07.mp3 and 10 more files
in Miller Media Folder
Yesterday 10:52 AM

Jobie Shally deleted the folder 02_Domestic_Abuse_Allegation
in Miller Media Folder
Yesterday 10:52 AM

Jobie Shally deleted EX-304_VIDEO-Ring-Moreno-L...2-01.MP4 and 7 more files
in Miller Media Folder
Yesterday 10:52 AM

Jobie Shally deleted the folder 03_Feb_1_Custody_Exchange
in Miller Media Folder
Yesterday 10:52 AM

Jobie Shally deleted EX-107_Miller-Sworn-Affidavit-...26-03.pdf and 7 more files
in Miller Media Folder
Yesterday 10:51 AM

Jobie Shally deleted the folder 01_Child_Abuse_Allegations
in Miller Media Folder
Yesterday 10:51 AM

Jobie Shally deleted the folder 00_START_HERE
in Miller Media Folder
Yesterday 10:51 AM

Jobie Shally deleted the file 00_READ-ME-FIRST.pdf
in Miller Media Folder
Yesterday 10:51 AM

Jobie Shally deleted the file 01_CHRONOLOGY-OF-RECORD.pdf
in Miller Media Folder
Yesterday 10:50 AM

Jobie Shally deleted the file 02_SUMMARY-FOR-REPORTERS.pdf
in Miller Media Folder
Yesterday 10:50 AM

Jobie Shally deleted the file EXHIBIT-INDEX.pdf
in Miller Media Folder
Yesterday 10:50 AM

sarah parcak joined the shared folder Miller Media Folder
Yesterday 10:50 AM

Dean DePiero joined the shared folder Miller Media Folder
Yesterday 10:49 AM

Jobie Shally joined the shared folder Miller Media Folder
Yesterday 10:48 AM

**GB** Gary Busey restored 00_READ-ME-FIRST.docx and 12 more files
in Miller Media Folder

Yesterday 11:17 AM

**GB** Gary Busey restored _converted_images and 2 more folders
in Miller Media Folder

Yesterday 11:17 AM

**AM** You deleted the file EXHIBIT-INDEX.docx
in Miller Media Folder

Yesterday 11:17 AM

**AM** You deleted the file EX-517_VIDEO-Custody-Trans...7-19.mp4
in Miller Media Folder

Yesterday 11:14 AM

**AM** You deleted the folder _converted_images
in Miller Media Folder

Yesterday 11:14 AM

**AM** You deleted the file 00_READ-ME-FIRST.docx
in Miller Media Folder

Yesterday 11:14 AM

**AM** You deleted the file 01_CHRONOLOGY-OF-RECORD.docx
in Miller Media Folder

Yesterday 11:14 AM

**AM** You deleted the file 02_SUMMARY-FOR-REPORTER...opy.docx
in Miller Media Folder

Yesterday 11:14 AM

**AM** You deleted the file 02_SUMMARY-FOR-REPORTERS.docx
in Miller Media Folder

Yesterday 11:14 AM

**AM** You deleted IMG_1611.jpg and 7 more files
in Miller Media Folder

Yesterday 11:13 AM

**AM** You deleted _INTERNAL_DO_NOT_RELEASE and 1 more folders
in Miller Media Folder

Yesterday 11:13 AM

**GB** Gary Busey restored IMG_1611.jpg and 7 more files
in Miller Media Folder

Yesterday 11:13 AM

**GB** Gary Busey restored the folder _INTERNAL_DO_NOT_RELEASE
in Miller Media Folder

Yesterday 11:13 AM

**GB** Gary Busey restored the folder _converted_images
in Miller Media Folder

Yesterday 11:13 AM

**AM** You deleted IMG_1611.jpg and 7 more files
in Miller Media Folder

Yesterday 11:12 AM

| AM | You deleted the file EXHIBIT-INDEX.pdf<br>in Miller Media Folder | Yesterday 11:24 AM |
|---|---|---|
| AM | You deleted the folder 06_Exhibit_Index<br>in Miller Media Folder | Yesterday 11:24 AM |
| AM | You deleted the file EX-512_Screenshot-Autopay-P...-08-04.jpg<br>in Miller Media Folder | Yesterday 11:22 AM |
| GB | Gary Busey restored the file EX-512_Screenshot-Autopay-P...-08-04.jpg<br>in Miller Media Folder | Yesterday 11:21 AM |
| AM | You deleted EX-208_Signal-Message-Never...08-13.png and 1 more files<br>in Miller Media Folder | Yesterday 11:21 AM |
| AM | You deleted the file EX-512_Screenshot-Autopay-P...-08-04.jpg<br>in Miller Media Folder | Yesterday 11:19 AM |
| AM | You deleted the file EX-512_Screenshot-Autopay-P...08-04.pdf<br>in Miller Media Folder | Yesterday 11:19 AM |
| AM | You deleted the file EX-511_Photo-Moreno-Nappi...08-26.pdf<br>in Miller Media Folder | Yesterday 11:19 AM |
| AM | You deleted the file EX-511_Photo-Moreno-Nappi...-08-26.jpg<br>in Miller Media Folder | Yesterday 11:19 AM |
| AM | You deleted EX-517_VIDEO-Custody-Trans...7-19.mp4 and 4 more files<br>in Miller Media Folder | Yesterday 11:18 AM |
| AM | You deleted the folder _converted_images<br>in Miller Media Folder | Yesterday 11:18 AM |
| AM | You deleted IMG_1611.jpg and 7 more files<br>in Miller Media Folder | Yesterday 11:17 AM |
| AM | You deleted _INTERNAL_DO_NOT_RELEASE and 1 more folders<br>in Miller Media Folder | Yesterday 11:17 AM |

**Aaron Minc**
Attorney & CEO

 **Defamation Removal Law**
Online Reputation &
Brand Protection Lawyers

Aminc@MincLaw.com
**Main:** (216) 373-7706
**Cell:** (330) 703-0214
**Fax:** (440) 792-5327

200 Park Avenue
Suite 200
Orange Village, Ohio 44122
Minclaw.com

This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work product, and/or (iii) is otherwise confidential. If you are not the intended recipient, use and disclosure of this message is prohibited. If you have received this in error, please (i) do not print, forward or copy this e-mail, (ii) notify us of the error by a reply to this e-mail, and (iii) completely delete the message and any attachments from your computer. Please note further that files attached to this transmission can contain computer viruses that can cause damage to your computer files, contain objectionable graphics, or compromise the security of your systems. You are solely responsible for checking for and deleting, if necessary any such viruses.

**From:** Subodh Chandra <subodh.chandra@chandralaw.com>
**Sent:** Monday, August 3, 2026 6:40 PM
**To:** Aaron Minc <Aminc@minclaw.com>
**Cc:** Alejandro Brito <abrito@britopllc.com>; Larry Zukerman <lwz@zukerman-law.com>; Andrew Zashin <aaz@zashinlaw.com>; Emily Bohatch <emily.bohatch@chandralaw.com>
**Subject:** Miller v. Moreno — important correspondence

[Quoted text hidden]



Emily Bohatch <emily.bohatch@chandralaw.com>

## Miller v. Moreno — important correspondence

**Subodh Chandra** <subodh.chandra@chandralaw.com>                    Mon, Aug 3, 2026 at 8:06 PM
To: Aaron Minc <Aminc@minclaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin
<aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>

Counsel:

Thank you for responding. Most of our questions remain unanswered or avoided, including who
else now has the child's images. Why were these images of the child, including the potential
CSAM image, added to a public folder in Dropbox in the first place? Who decided what material
to share and what not to share—particularly regarding the potential CSAM image? Miller
distributed the electronic folder containing that material for hundreds of thousands of people to
see, touting the importance of the "evidence." Are you claiming he had no idea what was in the
folder?

And after Miller posted the folder at 10:30 am, the problematic images were available as early as
10:40 am, which is when we downloaded the folder and found the problematic material. The first
restoration of an allegedly deleted folder did not occur, according to the screenshots you sent
below, until 11:13 am. Your firm publicly posted, from the start, all the images, including the
potential CSAM image. This doesn't appear to be a deletion-and-restoration problem. In any
case, the images shouldn't have been in a folder intended for public consumption to begin with.

Given the gravity of the situation, our client expects answers to all questions.

Sincerely,

Mr. Subodh Chandra (he/him)



Berkeley | San Diego | Cleveland | Santa Fe | Reno
888.500.5025 office • 216.965.6463 mobile
Subodh.Chandra@ChandraLaw.com
www.ChandraLaw.com
Biography: https://www.chandralaw.com/about/meet-the-team/subodh-chandra
Bluesky: @subodhchandra.bsky.social/ and @chandralaw.bsky.social • Twitter:
@ChandraLawFirm • @SubodhChandra • Facebook: The Chandra Law Firm LLC
*Your case is our cause.*®
—





This email may contain privileged or confidential information. If it wasn't for you, then please delete it and let us know.

[Quoted text hidden]

Case: 1:26-cv-01899-CAB Doc #: 1-3 Filed: 08/12/26 1 of 20. PageID #: 35



Emily Bohatch <emily.bohatch@chandralaw.com>

## Miller v. Moreno — important correspondence

**Aaron Minc** <Aminc@minclaw.com>                                        Mon, Aug 3, 2026 at 8:11 PM
To: Subodh Chandra <subodh.chandra@chandralaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin
<aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>

I answered your questions as quickly as I could with everything I know. It is directly responsive
most all of what you asked. I'm not avoiding answering any question.

I'm available tomorrow morning to discuss this more if you do not understand how that is not
responsive to any question that you asked.

Regards,

Aaron Minc

- Sent on the go

---

**From:** Subodh Chandra <subodh.chandra@chandralaw.com>
**Sent:** Monday, 03 August 2026 20:06:00
**To:** Aaron Minc <Aminc@minclaw.com>
**Cc:** Alejandro Brito <abrito@britopllc.com>; Larry Zukerman <lwz@zukerman-law.com>; Andrew Zashin
<aaz@zashinlaw.com>; Emily Bohatch <emily.bohatch@chandralaw.com>
**Subject:** Re: Miller v. Moreno — important correspondence

[Quoted text hidden]

Case: 1:26-cv-01899-CAB Doc #: 1-3 Filed: 08/12/26 12 of 20. PageID #: 36



Emily Bohatch <emily.bohatch@chandralaw.com>

## Miller v. Moreno — important correspondence

**Aaron Minc** <Aminc@minclaw.com>                                    Tue, Aug 4, 2026 at 1:11 PM
To: Subodh Chandra <subodh.chandra@chandralaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin
<aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>

Messr. Chandra, Zashin, and Ms. Bohatch,

I assume you are responsible for leaking your letter you sent me last night to the media. It
appears your communication has created the false impression that I mass-distributed child
pornography (CSAM), i.e., photos of two-year-olds' genitalia to the public.

Your accusations are completely outrageous and false. As you are well aware, the pictures in
question were quite innocent. They were photos of a two-year-old girl who had her shirt off
and was not in any type of sexualized, lewd, or lascivious pose. I am aware of no legal
definition under which this could possibly constitute CSAM or genitalia. Likewise, the media
seems to be under the mistaken impression that this was part of a legal filing. I am aware of
none.

This is incredibly damaging to my reputation. As fellow legal professionals, I'd like to
respectfully request and give all three of you the opportunity to do the right thing and issue a
public statement retracting these ridiculous false allegations before this gets out of hand and
causes irrevocable harm and monetary damage to my reputation. Time is of the essence.
Please act immediately. Only you can stop this terrible lie from continuing to spread and
correct the record by issuing a statement fully retracting these incredibly harmful and false
accusations. Please CC me on any relevant correspondence to the press.

Thank you for your immediate attention to this matter.

Sincerely,


**Aaron Minc**
Attorney & CEO

Minc | **Defamation Removal Law**
Online Reputation &
Brand Protection Lawyers

[Aminc@MincLaw.com](mailto:Aminc@MincLaw.com)
**Main:** (216) 373-7706
**Cell:** (330) 703-0214
**Fax:** (440) 792-5327

200 Park Avenue
Suite 200
Orange Village, Ohio 44122
Minclaw.com

8/11/26, 2:45 PM
Case: 1:26-cv-01899-CAB Doc #: 1-3 Filed: 08/12/26 13 of 20. PageID #: 37
The Chandra Law Firm LLC Mail. Miller v. Moreno — important correspondence

This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work product, and/or (iii) is otherwise confidential. If you are not the intended recipient, use and disclosure of this message is prohibited. If you have received this in error, please (i) do not print, forward or copy this e-mail, (ii) notify us of the error by a reply to this e-mail, and (iii) completely delete the message and any attachments from your computer. Please note further that files attached to this transmission can contain computer viruses that can cause damage to your computer files, contain objectionable graphics, or compromise the security of your systems. You are solely responsible for checking for and deleting, if necessary any such viruses.

---

**From:** Subodh Chandra <subodh.chandra@chandralaw.com>
**Sent:** Monday, August 3, 2026 8:06 PM
**To:** Aaron Minc <Aminc@minclaw.com>
**Cc:** Alejandro Brito <abrito@britopllc.com>; Larry Zukerman <lwz@zukerman-law.com>; Andrew Zashin <aaz@zashinlaw.com>; Emily Bohatch <emily.bohatch@chandralaw.com>
**Subject:** Re: Miller v. Moreno — important correspondence

[Quoted text hidden]

Case: 1:26-cv-01899-CAB Doc #: 1-3 Filed: 08/12/26 14 of 20. PageID #: 38



**Emily Bohatch <emily.bohatch@chandralaw.com>**

## Miller v. Moreno — important correspondence

**Subodh Chandra** <subodh.chandra@chandralaw.com>           Tue, Aug 4, 2026 at 3:39 PM
To: Aaron Minc <Aminc@minclaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin
<aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>

Dear Mr. Minc:

First, you must be familiar with the old lawyer's adage about what it is to "assume." "Assuming" is what got Congressman Miller into this whole UPEPA mess to begin with, when Ms. Moreno had nothing to do with *The Daily Mail* piece. To be clear, no one on Ms. Moreno's legal teams disclosed my correspondence to you before it was published on social media. I woke up on Pacific Time to that surprise. For all we know, Miller or someone on his team disclosed the letter to try to get ahead of what they all had to know were the forthcoming court filings seeking to hold him accountable for the misdeeds. (Even if we had disclosed the letter, there is nothing false about it, and it is protected speech on a matter of public concern and subject to litigation privilege.) Please refrain from making accusations about "leaks" with no evidence about who the alleged source is. That's just reckless.

Second, our letter to you plainly states:

> At least one of those images *could be considered* Child Sexual Abuse Material (CSAM) because the daughter's genitals *appear* to be visible. The photo was in a document entitled EX-306_OFW-Messages-Feb-1-to-25-2026-with-Attachments and labeled IMG_9158 in the bottom-right corner.

(Emphases added.)

These are true statements and statements of opinion. The nude image at issue, labeled IMG_9158, indeed appears to show what we noted in our letter. The topless photo to which you appear to be diverting attention is IMG_8999. Please don't change the subject. In your initial responses to my letter, you did not deny that IMG_9158 is potential CSAM, and appears to reveal genitalia. Instead, you seemed to apologize.

Third, in either case, your accusations in the media that we are lying about the contents of the photos you shared are false. Please take steps to correct the record.

Fourth, you are speaking out of both sides of your mouth. You publicly claim to be apologizing to Ms. Moreno and her family, yet then proceed to evade pointed, specific questions about how it occurred *and what steps you are taking to rectify the situation*, and then add insult to injury by accusing us of lying about the main image at issue. What are you doing to audit who accessed that folder before you took it down and who obtained those images? We need answers to all of our questions.

Fifth, many of your explanations and diversions in your responses make no sense. What difference does it make that some unknown person restored a folder at 11:13 am on Sunday 8/2 when you release the folder containing the images at 10:30 am? We would appreciate a full explanation for how you acquired the problematic images, why they were in a public Dropbox file, and why you enabled your client to distribute them to hundreds of thousands of people.

Sixth, with Miller's announcement today that he's asking the House Ethics Committee for an investigation, could you please assure our client through us that you and your client will provide to Congress no images of their child nude or half-nude?

Finally, while we appreciate your efforts to divert responsibility from your client, it is he who ultimately shared with hundreds of thousands of people a Dropbox file containing those images. Please cease blaming us for blunders occurring in his camp.

You are free to share this entire chain of correspondence with anyone you wish. This is our response to your baseless accusations.

Sincerely,

Mr. Subodh Chandra (he/him)



Berkeley | San Diego | Cleveland | Santa Fe | Reno
888.500.5025, ext. 101 office
Subodh.Chandra@ChandraLaw.com
www.ChandraLaw.com
Biography: https://www.chandralaw.com/about/meet-the-team/subodh-chandra
Bluesky: @subodhchandra.bsky.social/ and @chandralaw.bsky.social • Twitter:
@ChandraLawFirm • @SubodhChandra • Facebook: The Chandra Law Firm LLC
*Your case is our cause.*®
—





This email may contain privileged or confidential information. If it wasn't for you, then please delete it and let us know.

[Quoted text hidden]

Case: 1:26-cv-01899-CAB Doc #: 1-3 Filed: 08/12/26 16 of 20. PageID #: 40



Emily Bohatch <emily.bohatch@chandralaw.com>

## Miller v. Moreno — important correspondence

**Aaron Minc** <Aminc@minclaw.com>       Tue, Aug 4, 2026 at 4:22 PM
To: Subodh Chandra <subodh.chandra@chandralaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin <aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>

Mr. Chandra,

Federally, for an image to constitute child pornography/CSAM under 18 U.S.C. § 2256, it would mean it depicts:

- sexual activity;
- masturbation;
- sadistic or masochistic abuse; or
- a lascivious exhibition of the anus, genitals, or pubic area.

Please explain to me, right now, what knowledge you have and relied on when you leaked that letter to the press that the photos attached to that exhibit "could be considered" CSAM.

Keep in mind, this photo was taken by your own client and shared over a court-sanctioned communications platform.

Thank you.

**Aaron Minc**
Attorney & CEO

 **Defamation Removal Law**
Online Reputation &
Brand Protection Lawyers

Aminc@MincLaw.com
**Main:** (216) 373-7706
**Cell:** (330) 703-0214
**Fax:** (440) 792-5327
200 Park Avenue
Suite 200
Orange Village, Ohio 44122
Minclaw.com

This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work product, and/or (iii) is otherwise confidential. If you are not the intended recipient, use and disclosure of this message is prohibited. If you have received this in error, please (i) do not print, forward or copy this e-mail, (ii) notify us of the error by a reply to this e-mail, and (iii) completely delete the message and any attachments from your computer. Please note further that files attached to this transmission can contain computer viruses that can cause damage to your computer files, contain objectionable graphics, or compromise the security of your systems. You are solely responsible for checking for and deleting, if necessary any such viruses.

**From:** Subodh Chandra <subodh.chandra@chandralaw.com>
**Date:** Tuesday, August 4, 2026 at 3:39 PM
[Quoted text hidden]
[Quoted text hidden]

Case: 1:26-cv-01899-CAB Doc #: 1-3 Filed: 08/12/26 17 of 20. PageID #: 41



Emily Bohatch <emily.bohatch@chandralaw.com>

## Miller v. Moreno — important correspondence

**Subodh Chandra** <subodh.chandra@chandralaw.com>        Tue, Aug 4, 2026 at 5:15 PM
To: Aaron Minc <Aminc@minclaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin
<aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>

Dear Mr. Minc:

First, again, as my last correspondence made clear, we did not provide the letter to the press
before it appeared in social media this morning.

Second, we are not going to debate with you whether the image "could be considered" CSAM.
Our view is that it could. If your position has now *shifted* to proclaiming that sharing with the
public an image appearing to include our clients' child's genitalia is just fine, then that would be
most unfortunate.

The bottom line is that you and your client published these photos—and you admitted that you
shouldn't have. And you persist in refusing to answer questions about how this happened and
what you are doing to mitigate the damage caused by your and your client's publication of these
photos. You are now focused on yourself rather than the child you have harmed.

Please provide the requested information. Absent your communicating in a constructive rather
than adversarial and self-serving manner, we are done communicating with you about this topic.

Sincerely,

Mr. Subodh Chandra (he/him)



Berkeley | San Diego | Cleveland | Santa Fe | Reno
888.500.5025, ext. 101 office
Subodh.Chandra@ChandraLaw.com
www.ChandraLaw.com
Biography: https://www.chandralaw.com/about/meet-the-team/subodh-chandra
Bluesky: @subodhchandra.bsky.social/ and @chandralaw.bsky.social • Twitter:
@ChandraLawFirm • @SubodhChandra • Facebook: The Chandra Law Firm LLC
*Your case is our cause.*®
—

Case: 1:26-cv-01899-CAB Doc #: 1-3 Filed: 08/12/26 18 of 20. PageID #: 42





This email may contain privileged or confidential information. If it wasn't for you, then please delete it and let us know.

[Quoted text hidden]

Case: 1:26-cv-01899-CAB   Doc #: 1-3   Filed: 08/12/26   19 of 20   PageID #: 43



Emily Bohatch <emily.bohatch@chandralaw.com>

## Miller v. Moreno — important correspondence

**Aaron Minc** <Aminc@minclaw.com>          Tue, Aug 4, 2026 at 5:35 PM
To: Subodh Chandra <subodh.chandra@chandralaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin
<aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>, "Sansalone, Monica"
<msansalone@gallaghersharp.com>

Thanks for the response.

I am extremely disappointed that you are refusing to do the professional thing and take any action to remediate the harm you've caused (with the help of some "anonymous person"), accusing me of possessing and transmitting CSAM. You are well aware that the allegation is false. Your own client created the material. These are innocent photos of a two-year-old. You've likely caused more attention and harm through this leak than my mistake ever would have. Shame on you.

All three of you, individually, and your clients are hereby officially on notice to preserve all documents and information related to this incident. If anything is deleted, it may result in sanctions, including, but not limited to, monetary penalties, fines, and adverse inferences.

And do put your liability carriers on notice of an imminent pending claim.

 Regards,

**Aaron Minc**
Attorney & CEO

 **Defamation Removal Law**
Online Reputation &
Brand Protection Lawyers

Aminc@MincLaw.com
**Main:** (216) 373-7706
**Cell:** (330) 703-0214
**Fax:** (440) 792-5327
200 Park Avenue
Suite 200
Orange Village, Ohio 44122
Minclaw.com
This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work product, and/or (iii) is otherwise confidential. If you are not the intended recipient, use and disclosure of this message is prohibited. If you have received this in error, please (i) do not print, forward or copy this e-mail, (ii) notify us of the error by a reply to this e-mail, and (iii) completely delete the message and any attachments from your computer. Please note further that files attached to this transmission can contain computer viruses that can cause damage to your computer files, contain objectionable graphics, or compromise the security of your systems. You are solely responsible for checking for and deleting, if necessary any such viruses.

**From:** Subodh Chandra <subodh.chandra@chandralaw.com>
**Date:** Tuesday, August 4, 2026 at 5:16 PM
[Quoted text hidden]

[Quoted text hidden]



Emily Bohatch <emily.bohatch@chandralaw.com>

---

## Miller v. Moreno — important correspondence

**Subodh Chandra** <subodh.chandra@chandralaw.com>      Wed, Aug 5, 2026 at 4:24
To: Aaron Minc <Aminc@minclaw.com>
Cc: Alejandro Brito <abrito@britopllc.com>, Larry Zukerman <lwz@zukerman-law.com>, Andrew Zashin <aaz@zashinlaw.com>, Emily Bohatch <emily.bohatch@chandralaw.com>, "Sansalone, Monica" <msansalone@gallaghersharp.com>

Dear Mr. Minc:

Before you act impulsively and self-servingly to deflect from your own blunder, you should put your own insurance carrier and independent, competent counsel on notice about your own and your client's conduct, and carefully consider Ohio Revised Code §§ 2307.60(A) and the prohibition in § 2907.323(A)(1), among other sources:

(A) No person shall do any of the following:
(1) Photograph any minor or impaired person who is not the person's child or ward in a state of nudity, or create, direct, produce, or **transfer any material** or performance **that shows the minor** or impaired person **in a state of nudity, unless both of the following apply**:
(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance;
(b) The minor's or impaired person's parents, guardian, or custodian consents in writing to the photographing of the minor or impaired person, to the use of the minor or impaired person in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.

(Emphasis added.) Neither exception applies. Ohio courts recognize this statute as covering CSAM. Also consider Ohio's complicity statute (R.C. 2923.03(A)) in relation to R.C. 2307.60(A).

We have had experience with CSAM and nude-image cases both federally and in Ohio, and are familiar with law enforcement's view of nude photos of minors. So we have a sound basis for believing that the transfer and dissemination of the child's nude photograph to hundreds of thousands of people is improper.

Unfortunately, you've refused to offer data or details about the breadth of the harm caused by disclosure or your plan to remedy it. We again ask on our client's behalf that you please respond to our various detailed questions about how exactly this happened, what the audit trail is for those who accessed the images, and *what efforts if any you are undertaking to mitigate the harm*. We don't understand why you apparently aren't making any effort in that regard. Deflection serves no purpose and will be ineffective. And trying to turn your own conduct around and implicitly threaten our client about a photo she did not disseminate outside of judicial and governmental purposes is beyond the pale.

We recognize that we are all just trying to do what we believe to be our jobs for our respective clients under challenging circumstances. But if you continue to accuse lawyers of conduct for which you have no evidence (because there is **none—it didn't happen**), and overpersonalize this litigation, you can expect the consequences.

Sincerely,

Mr. Subodh Chandra (he/him)



Berkeley | San Diego | Cleveland | Santa Fe | Reno
888.500.5025, ext. 101 office
Subodh.Chandra@ChandraLaw.com
www.ChandraLaw.com
Biography: https://www.chandralaw.com/about/meet-the-team/subodh-chandra
Bluesky: @subodhchandra.bsky.social/ and @chandralaw.bsky.social • Twitter: @ChandraLawFirm • @SubodhChandra • Facebook: The Chandra Law Firm LLC
*Your case is our cause.*®
—



This email may contain privileged or confidential information. If it wasn't for you, then please delete it and let us know.

On Tue, Aug 4, 2026 at 2:36 PM Aaron Minc <Aminc@minclaw.com> wrote: