### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **R.M., a Minor Child Through Her Mother, Emily Moreno**<br><br>*Plaintiff,*<br><br>v.<br><br>**Max L. Miller,** *et al.*<br><br>*Defendants.* | Case No. 1:26-cv-01899-CAB<br><br>Judge Christopher A. Boyko<br><br>Magistrate Judge Jennifer Dowdell Armstrong |
| **PLAINTIFF R.M.'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM** | |

Plaintiff R.M. respectfully moves for leave to proceed in this matter under pseudonym. This case concerns matters of the utmost sensitivity—the nonconsensual publication of a nude image of a minor. Plaintiff assumes great risk in seeking justice. A memorandum in support follows.

### MEMORANDUM IN SUPPORT

### I.      Issue presented

Courts permit plaintiffs to proceed pseudonymously after considering whether the suit involves information "of the utmost intimacy," plaintiffs are children, and if pseudonyms would deprive defendants of sufficient information to defend the matter. Plaintiff alleges that Defendants shared a nude image of R.M. publicly and without her or her mother's consent. R.M.'s name is known and disclosed to Defendants. May Plaintiff proceed pseudonymously?

### II.     Introduction and factual background

On August 12, 2026, Plaintiff filed the complaint here detailing how her father, Max Miller, and his counsel, Aaron Minc, through his law firm Minc LLC, shared a nude image showing her genitalia via a publicly accessible Dropbox folder that Miller shared on his X.com

page. The complaint's allegations are incorporated by reference. To ensure Plaintiff may proceed safely, without jeopardizing her safety, and without assuming any greater risk of reputational harm than is avoidable, she, through her mother, requests to proceed under the pseudonym "R.M."

### III.    Law and argument

Although, ordinarily, a complaint should state every party's name (Fed. R. Civ. P. 10(a)), the Sixth Circuit, under certain circumstances, excuses plaintiffs from this if, after assessing certain considerations, a court concludes that plaintiffs' privacy interests substantially outweigh the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The *Porter* court identified four factors for consideration:

(1) Whether plaintiffs seeking anonymity are seeking to challenge governmental activity;

(2) Whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy";

(3) Whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

(4) Whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

It is also relevant for the Court to consider whether permitting plaintiffs to proceed under pseudonyms would deprive the defendants of sufficient information to defend against the plaintiffs' case. *Id.* at 561.

And here, the statute under which R.M. seeks relief and damages—15 U.S.C. § 6851— allows a Court to preserve the anonymity of a plaintiff by using a pseudonym. 15 U.S.C.

§ 6851(b)(3)(B). For the reasons stated below, the Court should allow R.M. to proceed under pseudonym.

**A. Plaintiff, who is a minor, is seeking remedies after her father and his attorney disclosed information of the utmost intimacy.**

Plaintiff's path to filing this action began when her father shared a nude image of her online in a public Dropbox folder to try to malign her mother. R.M. is collateral damage to her father's campaign against Ms. Moreno. The details of this instance—especially the photo— include matters of the "utmost intimacy."

Also, R.M. is a minor. Miller and Minc shared the photo online as part of the discussion of abuse allegations against Miller, specifically that he abused Ms. Moreno when they were married and R.M. since the divorce. The photo itself includes a large bruise on R.M.'s neck and was taken shortly before she was diagnosed with a broken collarbone, something Miller was investigated for. By its nature, prosecution of this case will compel Plaintiff to disclose information of inherently private nature. *See NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018) (Vascura, M.J.) (*citing Doe. v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of children....")). The complaint, its supporting documents, and the upcoming litigation will describe the private acts of a child, and this case cannot be resolved without further exploration of truly intimate matters.

**B. Plaintiff has already suffered reputational harm—and proceeding without pseudonyms endangers her further.**

Most critically in this case, "the injury litigated against would be incurred as a result of disclosure of plaintiff's identity." *Sealed v. Sealed*, 537 F.3d 185, 189 (2d Cir. 2008). Plaintiff has already suffered immensely from publication of her image and the false statements from

Defendant Minc about what the image depicted. A letter from Ms. Moreno's counsel to Minc, which reporters somehow got ahold of and published, has also drawn substantial community attention and speculation including social-media attacks on R.M.'s mother from Defendants' supporters. Forcing Plaintiff to be named would only result in more public opprobrium and put her at greater risk. Proceeding under pseudonym helps protect R.M. from further harm. *George Mason Univ.*, 179 F.Supp.3d, at 592–93.

As discussed above, Plaintiff's complaint is emotionally charged, and the subject of intense focus and debate; thus the risk of further harassment is considerable. *Doe v. University of St. Thomas,* No. 16- cv-1127-ADM-KMM, 2016 WL 9307609, at *3 (D. Minn. May 25, 2016). And Defendants' behavior and public statements to downplay what R.M. suffered— despite the existence of images and court filings to which Defendants have access—and show that extra protections for Plaintiff are necessary.

### C. Allowing Plaintiff to proceed pseudonymously would not harm Defendants.

If the Court permits Plaintiff to file under pseudonym, Defendants will suffer no harm or prejudice. Defendants already know her identity and can proceed with discovery despite the use of pseudonyms. Defendants are aware of her identity because she is Miller's daughter.

Permitting Plaintiff to proceed under pseudonym in this action will not deprive Defendants of sufficient information to defend against Plaintiffs' charges. Defendants know Plaintiff's identity well.

### IV. Conclusion

Plaintiff has satisfied key factors to be considered, and the balance tips in favor of allowing her pseudonymity. The Complaint includes allegations that Miller and Minc shared a nude image of R.M. publicly online without her or her mother's consent. The litigation will

require R.M. to disclose information of the "utmost intimacy"—information including the images, and potentially, of the underlying abuse allegations and her related health information. Plaintiff has therefore shown that privacy interests substantially outweigh the presumption of open judicial proceedings. And Defendants are unaffected because they would have to answer to such charges regardless of the exposure of Plaintiff's true identity.

Plaintiff thus respectfully requests that this Court grant her motion for leave to proceed under the pseudonym of "R.M." Plaintiff will, of course, disclose her true name to this Court and Defendants through their counsel under a protective order (which the Court may wish to issue now). Plaintiff's interest is only to avoid the association of the child's name with pleadings that will become a part of the public record, given the intimate matters involved.

If the Court does not permit the suit to proceed pseudonymously—which Sixth Circuit authority authorizes—then Plaintiff respectfully requests leave to amend the complaint to name Plaintiff. (But they hope it doesn't come to that.)

Dated: August 12, 2026

Respectfully submitted,

*/s/ Subodh Chandra*
Subodh Chandra (0069233)
Emily Bohatch (0106217)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 West 6th Street, Suite 400
Cleveland, Ohio 44113
888.500.5025 Phone
Subodh.Chandra@ChandraLaw.com
Emily.Bohatch@ChandraLaw.com

*Attorneys for R.M. and Emily Moreno*