IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **R.M., a Minor Child Through Her Mother, Emily Moreno**<br><br>Plaintiff,<br><br>v.<br><br>**Max L. Miller,** ***et al.***<br><br>Defendants. | Case No. 1:26-cv-01899-MJH<br><br>Judge Michael J. Hendershot<br><br>Magistrate Judge Jennifer Dowdell Armstrong |

**PLAINTIFF R.M.'S APPLICATION FOR DEFAULT UNDER FED. R. CIV. P. 55(A) AGAINST DEFENDANT MAX MILLER**

Plaintiff R.M., through her mother Emily Moreno, respectfully moves this Court to direct the clerk under Fed. R. Civ. P. 55(a) to enter default in this action against Defendant Max L. Miller.

The memorandum in support below establishes that, despite having been timely and properly served, Defendant Miller failed to plead or otherwise defend this action within the time prescribed by the Federal Rules of Civil Procedure. A memorandum in support follows.

## Memorandum in Support

### I. Issue presented

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Defendant Max Miller has failed to plead or otherwise defend. Should the clerk enter Miller's default?

### II. Plaintiff R.M. is applying for default under Fed. R. Civ. P. 55(a) [Entering a Default] because Defendant Miller has failed to answer otherwise defend.

Fed. R. Civ. P. 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

On August 12, 2026, Plaintiff R.M. filed the original Complaint against Defendants Max L. Miller, Aaron Minc, and Minc LLC. (Doc. #1.) The Clerk's Office served Defendants Miller, Minc, and Minc LLC by certified mail with the Summons and Plaintiff's Complaint with Jury Demand. Defendant Miller received service on August 27, 2026. (Doc. #12.) The executed return of service established September 17, 2026 as the due date for Defendant Miller's Answer, under Fed. R. Civ. P. 12(a)(1)(A)(i).

By contrast with Miller, Defendants Aaron Minc and Minc LLC, requested an extension through October 13, 2026, to file their Answer.

As of this filing, despite having been timely and properly served, Defendant Miller failed to file an answer, move, or otherwise respond to Plaintiff's Complaint (or to seek leave to do any of these things). Plaintiff thus asks that the Clerk enter a default against Defendant Miller in accordance with Fed. R. Civ. P. 55(a).

## III. Conclusion

Because of Defendant Miller's failure to timely respond, Plaintiff respectfully requests that the Clerk enter default against him in accordance with Fed. R. Civ. P. 55(a).

Dated: September 18, 2026

Respectfully submitted,

*<u>/s/ Subodh Chandra</u>*
Subodh Chandra (0069233)
Emily Bohatch (0106217)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 West 6th Street, Suite 400
Cleveland, Ohio 44113
888.500.5025 Phone
Subodh.Chandra@ChandraLaw.com
Emily.Bohatch@ChandraLaw.com

*Attorneys for Plaintiff R.M. through her mother, Emily Moreno*

### CERTIFICATIONS

I certify that on September 18, 2026, a copy of this document was emailed to the following self-identified counsel for Defendants Aaron Minc and Minc LLC who have not yet entered an appearance:

**Marc Randazza**
Mjr@Randazza.com

**Jay M. Wolman**
Jmw@randazza.com

I certify that on September 18, 2026, Plaintiff's counsel served by U.S. mail a copy of this document to *pro se* Defendant Max L. Miller, at the following address:

**Max L. Miller**
435 Oakmoor Rd.
Bay Village, Ohio 44113

*/s/ Subodh Chandra*
*One of the attorneys for Plaintiff R.M. through her mother, Emily Moreno*