IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| R.M., a Minor Child Through Her Mother, Emily Moreno, | : | Case No. 1:26-cv-01899-MJH |
| | : | Judge Michael J. Hendershot |
| Plaintiff, | : | Magistrate Judge Jennifer Dowdell Armstrong |
| v. | : | |
| | : | **DEFENDANT MAX L. MILLER'S MOTION FOR EXTENSION OF TIME TO PLEAD OR OTHERWISE RESPOND TO THE COMPLAINT, AND RESPONSE IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT** |
| Max L. Miller, et al., | : | |
| Defendants. | : | |

Defendant Max L. Miller respectfully moves this Court, pursuant to Fed. R. Civ. P. 6(b)(1)(B), for a fourteen (14) day extension of time, up to and including October 1, 2026, within which to plead or otherwise respond to Plaintiff's Complaint. Defendant Miller further responds in opposition to Plaintiff's Application for Entry of Default Under Fed. R. Civ. P. 55(a) (Doc. #13), and respectfully requests that the Clerk not enter default against him, or that any default entered be set aside.

The grounds for this Motion are set forth in the following Memorandum in Support.

**MEMORANDUM IN SUPPORT**

This Honorable Court should grant Defendant Max L. Miller a brief, fourteen-day extension of time to plead or otherwise respond to the Complaint, and decline to enter default against him, because his failure to timely respond resulted from excusable neglect, Plaintiff will suffer no prejudice from the requested extension, and default judgment is strongly disfavored under Sixth Circuit precedent.

## I. Factual and Procedural Background

Plaintiff filed the Complaint in this action on August 12, 2026. (Doc. #1.) The Clerk's Office served Defendant Miller by certified mail on August 27, 2026. (Doc. #12.) Under Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant Miller's Answer was due on September 17, 2026. (Doc. #13 at 2, PageID #85.)

Undersigned counsel, Zukerman, Lear, Murray & Brown Co., L.P.A., were only formally retained to represent Defendant Miller pursuant to a written retention agreement on September 22, 2026. The delay in retaining counsel and in responding to the Complaint was the product of circumstances affecting both Defendant Miller and undersigned counsel in roughly equal measure during this period. Defendant Miller was, and remains, occupied with several other ongoing legal proceedings — *Max Miller v. Emily Moreno, et al., Case No. 26-CV-138810 (Cuyahoga County Court of Common Pleas); Max Miller v. Emily Moreno, Case No. 24-DR-401120 (Cuyahoga County Court of Common Pleas)*; *Feras Hamdan v. Max Miller, Case No. 26-CV-133225 (Cuyahoga County Court of Common Pleas)*; and *Stephanie Grisham v. Max Miller, et al., Case No. 26-CV-142184(Cuyahoga County Court of Common Pleas)* — while simultaneously and actively campaigning to retain his seat as a United States Congressman in the

November 2026 midterm election. Undersigned counsel represents Defendant Miller in three (3) of the four (4) cases cited above, all of which are in active litigation.

In addition, prior to being formally retained, two of the firm's four attorneys were themselves largely unavailable to the office during this same period, which likewise limited the firm's ability to undertake the engagement sooner. Attorney S. Michael Lear has been out of the country since September 8, 2026, and remains abroad. Attorney Adam M. Brown was out of the country from September 11 through September 20, 2026.

In addition, Defendant Miller — along with attorneys Larry W. Zukerman and Adam M. Brown — is Jewish and observed the Jewish High Holidays, considered the High Holy Days of the Jewish faith, which in 2026 fell within this same period: Rosh Hashanah began at sunset on September 11, 2026 and continued through nightfall on September 13, 2026, and Yom Kippur began at sunset on September 20, 2026 and continued through nightfall on September 21, 2026.

The combination of these circumstances — Defendant Miller's other pending matters and active congressional campaign, undersigned counsel's own overlapping unavailability due to international travel prior to their retention, and the Jewish High Holidays observed by Defendant Miller and two of undersigned counsel's attorneys — together resulted in the response deadline passing before a response could be prepared and filed.

On September 18, 2026, one day after the response deadline, Plaintiff filed an Application for Entry of Default Under Fed. R. Civ. P. 55(a) against Defendant Miller. (Doc. #13.) As of the filing of this Motion, no default has been entered against Defendant Miller. Contemporaneously with this Motion, undersigned counsel have entered their appearance on Defendant Miller's behalf and intend to promptly prepare and file an Answer or other responsive pleading.

**A. The requested extension satisfies Rule 6(b)(1)(B)'s excusable-neglect standard.**

Because Defendant Miller's response deadline had already passed by the time of this filing, the requested extension is governed by Fed. R. Civ. P. 6(b)(1)(B), which permits the Court to extend a deadline after it has expired "if the party failed to act because of excusable neglect."

"The governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Intern., Inc.,* 467 F. 3d 514 - Court of Appeals, 6th Circuit 2006 citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993);

Each factor favors Defendant Miller. Plaintiff will suffer no prejudice from a brief extension, for the reasons discussed in Section C below. The delay is minimal — Plaintiff's Application for Entry of Default followed only one day after the deadline, and this Motion follows promptly upon undersigned counsel's retention. The reason for the delay is attributable to Defendant Miller's other pending legal matters and active campaign for re-election to Congress delayed his formal retention of counsel until September 22, 2026, while, during this same period and prior to that retention, two of the firm's four attorneys were themselves largely unavailable due to international travel, and Defendant Miller and two of undersigned counsel's attorneys were observing the Jewish High Holidays — not any strategic delay or willful disregard of this Court's rules. And Defendant Miller has acted in good faith, promptly retaining counsel, entering an appearance, and moving for an extension as soon as counsel were retained.

**B. Default judgment is a drastic remedy disfavored under Sixth Circuit law.**

The Sixth Circuit has long held that "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845-46 (6th Cir. 1983) ("Trials on the merits are favored in federal courts and a "glaring abuse" of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default"). This same equitable consideration, alongside the "excusable neglect" standard under Fed. R. Civ. P. 6(b)(1)(B), counsels against entry of default in the first instance where, as here, a defendant has appeared and moved for a brief extension before any default has been entered.

As noted, here, the length of the delay has been minimal, less than one (1) week and the delay will not have any impact on the progress of the judicial proceedings. Defendant Miller's delay was not willful; it resulted in comparable part from Defendant Miller's other pending legal matters (which undersigned counsel is actively litigating on Defendant's behalf) and active congressional campaign and from undersigned counsel's own overlapping travel unavailability prior to that retention, compounded by the Jewish High Holidays observed by Defendant Miller and two of the firm's attorneys. Defendant Miller intends to contest liability and to raise meritorious defenses to Plaintiff's claims in his forthcoming Answer and/or *Motion*. And, as discussed below, Plaintiff will suffer no cognizable prejudice from the short delay. The Federal Rules of Civil Procedure, as well as this Court's own Local Rules likewise contemplate that a defaulting party may be "granted leave to plead". *See* Fed.R.Civ.P. 6(b)(1)(B); N.D. Ohio LR 16.3(a)(2).

As such, this Honorable Court should deny the Plaintiff's request for the "harsh sanction of default" and allow this case to be tried on its merits. *United Coin Meter Co., supra.*

**C. Plaintiff will suffer no prejudice from the requested extension.**

This action remains in its earliest stages. No case management conference has been held, no scheduling order has issued, and no discovery has commenced. Co-Defendants Aaron Minc and Minc LLC are not required to answer until October 13, 2026 (Doc. #13 at 2, PageID #85), so the litigation will not proceed on any materially different timeline regardless of whether Defendant Miller's fourteen-day extension is granted. A brief extension to permit newly retained counsel to prepare and file a responsive pleading will not delay these proceedings or prejudice Plaintiff in any respect.

**II. Conclusion**

For the foregoing reasons, Defendant Max L. Miller respectfully requests that the Court grant him a fourteen (14) day extension, up to and including October 1, 2026, to plead or otherwise respond to the Complaint, and decline to enter default against him, or set aside any default entered.

Respectfully Submitted,

*/s/ Larry W. Zukerman*

LARRY W. ZUKERMAN, Esq. (#0029498)
S. MICHAEL LEAR, Esq. (#0041544)
ADAM M. BROWN, Esq. (#0092209)
Zukerman, Lear, Murray & Brown Co., L.P.A.
3912 Prospect Ave., East
Cleveland, Ohio 44115
(216) 696-0900
Fax (216) 696-8800
lwz@zukerman-law.com
sml@zukerman-law.com
amb@zukerman-law.com
Attorneys for Defendant Max L. Miller

CERTIFICATE OF SERVICE

I certify that on September 23, 2026, a copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record registered to receive electronic notice, including Subodh Chandra and Emily Bohatch, counsel for Plaintiff.

I further certify that a copy was served by email upon self-identified counsel for Defendants Aaron Minc and Minc LLC, who have not yet entered an appearance in this action: Marc Randazza (mjr@randazza.com) and Jay M. Wolman (jmw@randazza.com).

*/s/ Larry W. Zukerman*
Attorney for Defendant Max L. Miller